# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY PRITCHARD, | CASE NO. 1:02-CV-5947-OWW-DLB-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE DENIED |
| v. | |
| F. BROWN, | (Doc. 27) |
| Defendant. | |

I.  Defendant's Motion to Dismiss

    A.  Procedural History

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed November 18, 2002, against defendants Brown, Keener, Martinez, Speidell and Randolph ("defendants") for use of excessive force in violation of the Eighth Amendment. On January 25, 2006, pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants Brown, Keener and Martinez filed a motion to dismiss for failure to state any claims upon which relief may be granted.[1] Plaintiff filed an opposition to the motion on February 13, 2006. Defendants did not file a reply.

    B.  Legal Standard

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). In considering a motion to dismiss for

---

[1] Defendants Randolph and Speidell have not yet been served. On November 20, 2006, the Court issued an Order to Show Cause why these defendant should not be dismissed.

1

failure to state a claim, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. at 512. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

    C.    Discussion

The court has a statutory duty to screen complaints in cases such as this and dismiss any claims that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); 28 U.S.C.

§ 1915A. Given this requirement, the court is disinclined to view with favor a subsequent motion to dismiss for failure to state a claim. The instant motion is no exception.

Defendants contend that plaintiff's amended complaint omits material factual allegations which were in his original compliant dismissed by this Court, and therefore the Court should grant the motion to dismiss because plaintiff should not be allowed to manipulate and omit material factual allegations in his verified complaint which are harmful to his excessive force claims. Defendants point out that in the original complaint, plaintiff describes his frustration over a property issue and thereafter covered his cell window and door and further refused to respond to staff. Defendants contend that the amended complaint omits the description of plaintiff's frustration over the property issue, motivation for covering his cell door and window, deliberately flooding his cell and tier and failing to respond to staff. Defendants also contend that plaintiff omits the description of his resistance when officers entered his cell to perform a cell extraction.

Defendants claim that since the Court initially found the allegations insufficient to give rise to a cognizable Eighth Amendment claim, the Court should similarly find as to the amended complaint. As previously stated, "'[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). While the Court initially found plaintiff's allegations insufficient to give rise to an excessive force claim, the amended complaint describes the alleged use of force in more detail and the Court therefore found the allegations sufficient to state a claim under the Eighth Amendment. That plaintiff omitted a description of the events leading up to the alleged use of force is not fatal to the claim at this stage of the proceedings.

D.  Conclusion

In conclusion, the court rejects defendants' argument that plaintiff's amended complaint fails to state a claim upon which relief can be granted based on allegations he previously made in the

original complaint. The Court has determined that plaintiff's amended complaint is sufficient to proceed and defendants' motion provides no basis to alter this ruling. Accordingly, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss for failure to state any claims upon which relief may be granted, filed January 25, 2006, be denied; and

2. Should these Findings and Recommendations be adopted in full, defendants be ordered to file a response to plaintiff's amended complaint within thirty days from the date of the issuance of the district court's order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 22, 2006**             /s/ **Dennis L. Beck**
3b142a                                UNITED STATES MAGISTRATE JUDGE