IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY L. PRITCHARD, | CASE NO. CV-F-02-5947 LJO DLB P |
| Plaintiff, | ORDER RE PLAINTIFF'S MOTION TO COMPEL |
| vs. | [Doc. 48] |
| F. BROWN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's amended complaint alleging that defendants used excessive force during a cell extraction. Defendants filed an answer to plaintiff's amended complaint on February 26, 2007 and the court issued an order opening discovery on March 26, 2007. Now pending before the court is plaintiff's motion to compel, filed October 23, 2007. Defendants filed an opposition on November 13, 2007.

    I.    Background

Plaintiff's motion to compel concerns his request for "policies, directives or instructions to staff concerning management control status procedures pertaining to cell extractions by Corcoran State Prison Staff" (Request No. 5) and a copy of the "operational procedures" in effect at Corcoran State Prison in 2001 (Request No. 9). Defendants objected to the requests, arguing that they were overly broad, not relevant and would jeopardize the security of the prison or the safety of inmates and staff if produced.

1  In opposing plaintiff's motion to compel, defendants argue the requests are not relevant because the
2  question of whether excessive force was used cannot be answered by comparing the events of the cell
3  extraction to operational and control procedures. Defendants also argue that plaintiff has offered no
4  argument to counter defendants' objection that the release of operational and management control
5  procedures would jeopardize the safety and security of the prison or the safety of inmates or staff.

6  II.  Discussion

7  Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any
8  other party a request to produce and permit the party making the request . . . to inspect and copy any
9  designated documents . . . which are in the possession, custody or control of the party upon whom the
10 request is served." Fed. R. Civ. P. 34(a)(1).

11 Plaintiff's request for all operational procedures in effect at Corcoran in 2001 (Request No. 9)
12 is overly broad and defendants' objection to this request is therefore sustained. However, when limited
13 to documents related to policies and procedures for cell extractions at Corcoran State Prison in 2001
14 (Request No. 5), the Court finds the request is relevant to a claim or defense in this action. *See*
15 Fed.R.Civ. Proc. 26(b)(1). Whether the information sought wold be admissible evidence at trial is not
16 the test. Relevant information may be discoverable if it "appears reasonably calculated to lead to the
17 discovery of admissible evidence." Fed.R.Civ.Proc. 26(b)(1). The Court is cognizant of the important
18 security issues potentially involved. However, in the Court's experience, the type of documentation
19 sought by plaintiff has been supplied in past proceedings. Further, defendants have failed to support
20 their objection with any detail whatsoever. Accordingly, defendants are ordered to either produce
21 documents responsive to Request No. 5 or provide further information regarding the safety and security
22 interests that would be jeopardized by production via the declaration of an appropriate prison official.

23 III.  Conclusion

24 Based on the foregoing, plaintiff's motion to compel the production of documents, filed October
25 23, 2007, is GRANTED as to Request No. 5, and DENIED as to Request No. 9 as detailed in the body
26 of this order.

27 IT IS SO ORDERED.

28 **Dated:**   **November 21, 2007**            /s/ **Dennis L. Beck**

2

1  UNITED STATES MAGISTRATE JUDGE
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28